CLARA BROUSSEAU *et al. vs.* JOSEPH MESSIER, *Ex'r.*

NOVEMBER 21, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is a probate appeal involving the admission to probate of the will of Emelie Messier, late of the town of West Warwick in this state, deceased. A jury

in the superior court found against the will. The case is before us on the bill of exceptions of the appellant Joseph Messier, hereinafter sometimes referred to as the proponent or Joseph. The exceptions are to rulings admitting certain evidence, to the denial of a directed verdict, to alleged errors in the charge, and to the refusal of the trial justice to grant a new trial.

Testamentary capacity and the absence of fraud were conceded by the parties. Undue influence was the only question in issue. The testatrix, who was eighty-six years old and a widow, died September 6, 1949, leaving six children and a number of grandchildren. Her entire estate consisted of a small parcel of residential property. The will, which is dated February 2, 1945 and names Joseph executor thereof, leaves the entire property to him. It is expressly stated therein that the failure to make any provision for her children and grandchildren was intentional and not occasioned by accident or mistake. When the will was executed testatrix was living with Joseph and his family on her property. The appellees, hereinafter called the contestants, are a son and a daughter of the testatrix.

It appears that testatrix was accustomed to converse in French. Shortly after the death of her husband in 1943 she made a will, the contents of which were undisclosed in the instant case. On February 2, 1945 an attorney, who had acted for the testatrix in various matters both before and after her husband's death and who spoke French, came to Joseph's home to draw the present will. Having ascertained her wishes in private as to the testamentary disposition of her property, he then and there wrote in English the will presently before us. After reading and translating such will to her it was immediately executed, the attorney and a neighbor acting as witnesses. In view of our conclusion on the merits of certain exceptions, it is unnecessary to relate any evidence concerning the alleged undue influence.

After the execution of the will in 1945 the testatrix continued to live with Joseph until the death of his wife in 1949. Because of that occurrence testatrix went to the home of her son Jean to stay for a few days but later she decided to continue to live with him. The controversy in the instant case arose from the following events in 1949. By deed, dated July 2 and recorded August 2, the testatrix, reserving unto herself a life estate, conveyed her property to Jean. Upon learning of that conveyance Joseph, on September 2, brought a bill in equity, naming Jean and the mother as respondents, to annul the deed on the ground that it was the result of undue influence by Jean. The mother died September 6. Except for the filing of the bill and an answer thereto by Jean the equity case has since remained inactive.

On the record before us there was conflicting evidence on material issues to be determined by the jury and therefore proponent's motion for a directed verdict was properly denied. His exception to such denial is overruled.

The following exceptions to rulings on evidence and to the charge are closely related and will be considered as a group: First, the admission in evidence of the "whole file" in the equity case; second, the reading to the jury of excerpts from the bill in equity; and third, the reference to such evidence by the trial justice in his charge. The proponent contends that such action and rulings, singly and collectively, constituted prejudicial error.

In so acting the trial justice proceeded on the theory that, since Joseph had alleged in the bill in equity that the deed to Jean was the result of undue influence, such allegation was a circumstance which the jury could consider in determining whether the testatrix was unduly influenced when she made her will. In other words, the whole file in the equity case was considered by the trial justice as competent evidence tending to establish that the testatrix was susceptible to undue influence at the time the will was

executed. Such a view by him is apparent from his statement to proponent's counsel that even though Joseph's opinion of the validity of the deed might not be material yet the fact that it had been questioned on the ground of undue influence "might be material."

With the whole file of the equity case in evidence contestants' counsel was then permitted to read to the jury various excerpts from the bill of complaint, among which was the allegation that the complainant was "informed and believes" that at the time of the execution of the deed the mind of Emelie Messier was so impaired by infirmities and otherwise as to be unable to resist "the undue influence of the respondent, Jean B. Messier." In his charge the trial justice instructed the jury that, in deciding whether the will was the result of undue influence, they could consider Joseph's statement in the bill of complaint to the effect that the testatrix was unduly influenced when she executed the deed.

It is true, as contestants argue, that in most instances undue influence cannot be proved by direct evidence. From the very nature of that issue circumstantial evidence is frequently the only kind of proof available. This court has repeatedly held that the circumstances relevant to each case and the reasonable inferences therefrom constitute proper evidence to prove or disprove that issue, which evidence when competent, as stated in *Goff* v. *Clinton,* 53 R. I. 70, at page 75, is often of more persuasive weight than the statements of interested witnesses. But it is also generally well settled that whether the evidence be direct or circumstantial it must be connected with and operating at the time the will was made. In *Talbot* v. *Bridges,* 54 R. I. 337, at page 344, it is said that influence to be undue and invalidate a will must be the substitution of the will of another for the free will and choice of the testator *in making* a testamentary disposition of his property. Unless such influence is operating at that time and controls the mind of

the testator a will cannot be invalidated on the ground of undue influence.

In the instant case the evidence in question had no connection whatsoever with the issue in litigation. It is mere speculation to say that because the testatrix allegedly yielded to the undue influence of Jean in the matter of the deed in 1949 such circumstance was competent evidence to establish that she was unduly influenced by Joseph when she made her will in 1945. ˙ Furthermore that evidence, which on its face rested on information and belief and did not relate in any way to acts or conduct connected with the will, was nothing more than hearsay and therefore inadmissible. In the circumstances disclosed by the present record the prejudicial effect to the proponent from the evidence in question was in all probability considerably intensified when the trial justice gave further judicial approval to the pertinency of that evidence by specific reference thereto in the charge. Each of the three exceptions hereinbefore mentioned, namely, the second, third and eighth, is therefore sustained.

There is another exception which should be noted and briefly considered. As already stated, the validity of the will was questioned solely on the ground of undue influence. Fraud, as such, was not an issue in the case, yet the trial justice instructed the jury that it was for them to determine whether the will was the result of undue influence or "the result of fraud perpetrated on Emily Messier by some person or persons * * *." This injection of an issue entirely foreign to the case also constituted error. The proponent's fifth exception, therefore, is sustained.

In view of our conclusion in the matters herein discussed, it becomes unnecessary to consider the remaining exceptions.

The appellant's fourth exception is overruled, his second, third, fifth and eighth exceptions to the admission of evidence and to the charge hereinbefore identified are sustained, and the case is remitted to the superior court for a new trial.

*Charles J. Bourgault,* for appellant.
*George Roche,* for appellees.